UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

EILEEN GRAYS, LLC,

                              Plaintiff,                  1:18-CV-362
                                                                        (MAD/DJS)

     v.

REMIX LIGHTING, INC.,

                              Defendant.
_____

**APPEARANCES:**                              **OF COUNSEL:**

MORGAN, LEWIS, & BOCKIUS, LLP        J. KEVIN FEE, ESQ.
Attorney for Plaintiff                           SHAOBIN ZHU, ESQ.
111 Pennsylvania Avenue, NW
Washington, DC 20004

**DANIEL J. STEWART**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION AND ORDER

       Presently pending is Plaintiff's Motion to Strike the Answer of Defendant Remix Lighting, Inc. Dkt. No. 39. For the reasons which follow, the Court recommends that the Motion to Strike be granted and that a default be entered against Defendant.

       On November 4, 2018, counsel for Defendant filed a Motion to Withdraw. Dkt. No. 31. The Court scheduled a hearing on the Motion and directed that a representative of the Defendant appear along with counsel. Dkt. No. 33. That hearing was held on December 4, 2018, but no representative of the corporate Defendant was present. The Motion to Withdraw was granted and in doing so the Court specifically noted that because

Defendant is a corporation it could not proceed *pro se* and directed new counsel to enter a notice of appearance within thirty days. Dkt. No. 35. The Court's Order also specifically granted leave for Plaintiff to file a motion to strike Defendant's Answer if no appearance of counsel occurred. *Id.*

It has been four months since Defendant's counsel was granted permission to withdraw and no new counsel has appeared on behalf of Remix Lighting. Defendant's inability to proceed *pro se* is clearly established. *Grace v. Bank Leumi Tr. Co. of NY*, 443 F.3d 180, 192 (2d Cir. 2006); *Pecarsky v. Galaxiworld.com Ltd.*, 249 F.3d 167, 172 (2d Cir. 2001). Its failure to appear through counsel after being directed to do so is an appropriate ground on which to strike Defendant's Answer. *Int'l Bhd. of Elec. Workers Local No. 325 Pension Fund ex rel. Collins v. M. Gleason & Sons of Binghamton, NY, Inc.*, 2011 WL 6257141, at *5 (N.D.N.Y. Sept. 16, 2011), *report and recommendation adopted,* 2011 WL 6256946 (N.D.N.Y. Dec. 14, 2011) (citing cases).

The Court notes that the failure to "otherwise defend" an action is a basis for entry of a default judgment. FED. R. CIV. P. 55(a). Courts have repeatedly recognized that the "'failure to obey a court order to obtain counsel to allow a case to proceed can constitute a failure to defend' and may warrant the striking of a defendant's answer." *Trustees of Empire State Carpenters Annuity, Apprenticeship, Labor-Mgmt. Cooperation, Pension, & Welfare Funds v. KND Const. Corp.*, 2014 WL 6769292, at *1 (E.D.N.Y. Nov. 28, 2014) (quoting *Walter S. Johnson Bldg. Co. v. Majewski*, 2011 WL 5040672, at *2

2

(W.D.N.Y. Oct. 21, 2011)); *see also Deep S. Assocs. LLC v. Harborbay Constr. Inc.*, 2018 WL 6204619, at *2 (E.D.N.Y. Nov. 8, 2018), *report and recommendation adopted* 2018 WL 6198953 (E.D.N.Y. Nov. 28, 2018).

In light of Defendant's inability to proceed *pro se* and its failure to comply with a Court Order directing it to appear through counsel, the Court recommends that Defendant's Answer be stricken and that the Clerk enter a default against Defendant. *Plumbers, Pipefitters, & Apprentices Local No. 112 Pension Fund v. D.J. Springer, Inc.*, 2018 WL 1183381, at *1 (N.D.N.Y. Mar. 6, 2018); *Liberty Synergistics, Inc. v. Microflo, Ltd.*, 2017 WL 9512403, at *3 (E.D.N.Y. May 11, 2017), *report and recommendation adopted* 2017 WL 4119268 (E.D.N.Y. Sept. 18, 2017).

**ACCORDINGLY**, it is hereby

**RECOMMENDED**, that Plaintiff's Motion to Strike Defendant's Answer be **GRANTED**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action; and it is further

**ORDERED**, that service upon Defendant should be made at the following address:

Remix Lighting, Inc.
99 Washington Avenue
Albany, New York 12210.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); see also 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date: April 5, 2019
  Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge

4