**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**EILEEN GRAYS, LLC,**

                                         **Plaintiff,**

   vs.                                                             1:18-CV-362
                                                                              (MAD/DJS)

**REMIX LIGHTING, INC.,**

                                        **Defendant.**

---

APPEARANCES:                                      OF COUNSEL:

**MORGAN, LEWIS & BOCKIUS, LLP**        **J. KEVIN FEE, ESQ.**
1111 Pennsylvania Avenue, NW            **SHAOBIN ZHU, ESQ.**
Washington, DC 20004
Attorneys for Plaintiff

**Mae A. D'Agostino, U.S. District Judge:**

### ORDER

      On March 23, 2018, Plaintiff Eileen Grays ("Plaintiff") brought this action against Defendant Remix Lighting, Inc. ("Defendant"). *See* Dkt. No. 1. Plaintiff alleges "infringement of several federally registered copyrights and a copyright that is the subject of a pending application in violation of 17 U.S.C. § 501 and for knowing misrepresentation in a Digital Millennium Copyright Act ("DMCA") notice and counter-notice in violation of 17 U.S.C. § 512(f)." *Id*. at ¶ 4. Presently before the Court is Magistrate Judge Stewart's April 5, 2019 Report-Recommendation and Order, which recommends striking Defendant's answer and entering default judgment against Defendant. *See* Dkt. No. 40. As set forth below, the Report-Recommendation and Order is adopted in full.

      In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. §

636(b)(1)(C). When a party makes specific objections to a magistrate judge's report, the district court engages in *de novo* review of the issues raised in the objections. *See id.*; *Farid v. Bouey*, 554 F. Supp. 2d 301, 307 (N.D.N.Y. 2008). When a party fails to make specific objections, the court reviews the magistrate judge's report for clear error. *See Farid*, 554 F. Supp. 2d at 307; *accord Gamble v. Barnhart*, No. 02-cv-1126, 2004 WL 2725126, *1 (S.D.N.Y. Nov. 29, 2004).

In the present matter, counsel for Defendant filed a Motion to Withdraw on November 4, 2018. *See* Dkt. No. 31. Magistrate Judge Stewart scheduled a hearing on the Motion, directing a representative of Defendant to appear with counsel. *See* Dkt. No. 33. On December 4, 2018, that hearing was held, but no representative for Defendant appeared. *See* Dkt. No. 35 at 1. The Motion to Withdraw was granted, and Magistrate Judge Stewart specifically noted that because Defendant is a corporation, it is not permitted to proceed *pro se*. *See id*. Magistrate Judge Stewart's Order also granted leave for Plaintiff to file a Motion to Strike Defendant's Answer if no appearance of counsel occurred. *See id*. at 2. Four months passed without appearance of new counsel for Defendant. *See* Dkt. No. 40 at 2. Plaintiff filed a Motion to Strike the Answer of Defendant Remix Lighting. *See* Dkt. No. 39. On April 5, 2019, Magistrate Judge Stewart recommended that "Defendant's Answer be stricken and that the Clerk enter a default against Defendant." Dkt. No. 40 at 3.

It is well settled that a "corporation may appear in the federal courts only through licensed counsel." *Rowland v. California Men's Colony*, 506 U.S. 194, 201-02 (1993). The Second Circuit has held that "a corporation may not appear in a lawsuit against it except through an attorney, ... and that, where a corporation repeatedly fails to appear by counsel, a default judgment may be entered against it pursuant to Rule 55[.]" *S.E.C. v. Research Automation Corp.*, 521 F.2d 585, 589 (2d Cir. 1975) (citations omitted).

Failure to "otherwise defend" an action is a basis for entry of a default judgment. Fed. R. Civ. P. 55(a). Courts have repeatedly acknowledged that "'failure to obey a court order to obtain counsel to allow a case to proceed can constitute a failure to defend' and may warrant the striking of Defendant's answer.'" *Trs. of Empire State Carpenters Annuity, Apprenticeship, Labor-Mgmt. Cooperation, Pension & Welfare Funds v. KND Const. Corp.*, No. 13-cv-6116, 2014 WL 6769292, *1 (E.D.N.Y. Nov. 28, 2014) (quoting *Walter S. Johnson Bldg. Co. v. Majewski*, No. 09-cv-1083, 2011 WL 5040672, *2 (W.D.N.Y. Oct. 21, 2011)). Although entering a default judgment against a defendant is a severe sanction, it is appropriate in "'extreme situations,' as 'when a court finds willfulness, bad faith, or any fault on the part of the' noncompliant party." *Guggenheim Capital, LLC v. Birbaum*, 722 F.3d 444, 450-51 (2d Cir. 2013) (quoting *Bobal v. Rensselaer Polytechnic Inst.*, 916 F.2d 759, 764 (2d Cir. 1990)).

Procedurally, the Court cannot enter default until the answer is stricken. *See, e.g., Garris v. Gypsum Resources Materials, LLC*, No. 2:16-cv-2534, 2017 WL 7518924, *1 (D. Nev. Nov. 22, 2017). An answer may be stricken if a defendant fails to defend himself. *See id.* (citing cases). Additionally, when a corporation fails to retain counsel to represent it in an action, its answer may be stricken and default judgment may be entered against it. *See id.* (citing *Employee Painters' Trust v. Ethan Enters., Inc.*, 480 F.3d 993 (9th Cir. 2007)). When a corporate defendant has failed to defend itself, courts have stricken the answer of the corporate defendant, directed entry of default, and then permitted the plaintiff to move for default judgment. *See id.* (citing cases).

In the present matter, Magistrate Judge Stewart correctly determined that the Court should grant Plaintiff's motion to strike Defendant's answer and direct entry of default. Defendant was repeatedly warned that it is not permitted to proceed without counsel and informed it of the

consequences. Despite these warnings, no new counsel has appeared on behalf of Defendant and Defendant has not indicated that it is attempted to secure new counsel or in any way responded to the pending motion. Accordingly, Plaintiff's motion to strike is granted and the Clerk of the Court is directed to enter default against Defendant.

After carefully reviewing the entire record in this matter, Plaintiff's submissions and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Magistrate Judge Stewart's Report-Recommendation and Order (Dkt. No. 40) is **ADOPTED in its entirety**; and the Court further

**ORDERS** that Plaintiff's Motion to Strike Defendant's Answer (Dkt. No. 39) is **GRANTED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter default against Defendant; and the Court further

**ORDERS** that Plaintiff shall move for default judgment within thirty (30) days of the date of this Order; and the Court further

**ORDERS** that the Clerk of the Court serve a copy of this Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: September 9, 2019
      Albany, New York

Mae A. D'Agostino
U.S. District Judge